# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ALEXANDER INTERIANO, JORGE CUADRA and JUAN JOVEL,

Plaintiff,

-against-

LIAM REILLY and REILLY MASONRY, LI,

Defendants.

**INDEX NO.:**

**SUMMONS**

**Plaintiff designates NASSAU County as the place of trial**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby Summoned to appear in this action by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the Complaint, together with interest from the date of loss and the costs of this action.

**NOTE:** ***The law or rules of law provide that:***

(A) If this summons is served by its delivery to you or an agent authorized to receive service personally within the County of this Court, you must appear and answer within TWENTY (20) days after such service; (B) If this summons is served otherwise than designated in subdivision (A) above, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer. (C) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within ten (10) days of the service of the answer.

DATED: October 26, 2026

Monteiro & Fishman LLP
Attorneys for Plaintiffs
91 N. Franklin Street, Suite, 108
Hempstead, New York 11550
t.: (516) 280-4600
f.: (516) 280-4530

To: LIAM REILLY
36 Fox Blvd.
Merrick, NY 11566

REILLY MASONRY, LI
36 Fox Blvd.
Merrick, NY 11566

**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
*Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiff

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

ALEXANDER INTERIANO, JORGE CUADRA and JUAN JOVEL,

Plaintiff,

-against-

LIAM REILLY and REILLY MASONRY, LI,

Defendants.

**INDEX NO.**:

**COMPLAINT**

Plaintiffs, ALEXANDER INTERIANO ("ALEXANDER"), JORGE CUADRA ("JORGE") and JUAN JOVEL ("JUAN") complaining of the Defendants herein LIAM REILLY ("LIAM") and REILLY MASONRY, LI (the "CORP."), by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq*., (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants damages resulting from violating the following: (i) New York State Minimum Wage Act; (ii) New York Overtime Laws; (iii) New York Notice Requirements; (iv) New York Wage Statement Requirements; (v) Civil Damages for Fraudulent Filing of Returns; (vi) attorneys' fees, (vii) interest, and (viii) all costs and disbursements associated with this action.

2. Plaintiffs further allege on behalf of themselves, and the Class that they are entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL") *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because Plaintiffs are alleging violations of the New York Labor Law.

4. Venue is proper as Defendants conduct business in Nassau County and the wrongs complained of herein occurred in Nassau County.

## PARTIES

***Plaintiff***

5. Plaintiffs resides in NASSAU County, New York.

***Defendants***

6. All Defendants are collectively referred to as "Defendants."

7. The CORP. is a domestic limited liability company that is duly licensed to conduct business under the laws of the State of New York, which currently maintains its principal place of business at 36 Fox Blvd., Merrick, NY 11566.

8. The CORP. is a masonry contractor which, according to its website at "reillymasonryli.com" offers the following services: Walkways, Patios, Pool Patios, Driveways, Stoops/Steps, Outdoor Kitchens, Outdoor Fireplaces/Pits, Sitting walls, Benches, Flower Beds, Fireplace Surrounds, Retaining walls, Brick and Stone Veneer, Landscape/Hardscape Lighting, Brick Façade, Bluestone, Natural Stone, Travertine, Landscape Design, Driveways, Parking Lots, Sports Courts, Private Roads, Roads, Municipal Roads and Asphalt Patching.

9. According to "facebook.com/reillymaasonryli/" the CORP. advertises itself as "Always open." https://www.facebook.com/reillymasonryli/.

10. Here's some samples of their work according to their website:









11. LIAM is the President, shareholder, and/or agent of the CORP.

12. LIAM exercised sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under N.Y. Lab. Law § 190(3).

13. Upon information and belief, LIAM is: an officer, owns, is a majority shareholder, an agent of, manager of, has active control of the CORP., has operational control of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the

interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiff under N.Y. Lab. Law § 190(3). LIAM exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

14. The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

15. Defendants the CORP. and LIAM are in charge of hiring Plaintiffs.

16. Defendants the CORP. and LIAM decided the job duties that Plaintiff performed.

17. Defendants the CORP. and LIAM determined Plaintiffs' hourly rate of pay.

18. Defendants the CORP. and LIAM determined Plaintiffs' work schedule.

19. Defendants the CORP. and LIAM determined the number of hours that Plaintiffs worked.

20. Defendants the CORP. and LIAM dictated, controlled, and ratified the wage and hour and related employee compensation policies.

21. Defendants the CORP. and LIAM were aware of Plaintiffs' work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

22. Defendant LIAM has participated, controlled, directed, and has operational control of the day-to-day operations of the CORP.

23. Defendants the CORP. and LIAM managed Plaintiffs' employment, including the amount of overtime that he worked each workweek.

24. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

26. At all relevant times, Plaintiffs, in their work for Defendants, handled and worked on goods or materials that have been moved in, or produced, for commerce.

27. At all relevant times, they were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

28. The No Wage Theft Loophole Act recently added subdivision 5 to Article 6, § 193 and the end of §198 (3). The justification section therein states:

> Article 6 of the Labor Law was created to prevent employers from benefiting from the fruits of their employees' labor by withholding wages. If interpreted correctly, this broad-ranging statute allows prevailing plaintiffs to recover unpaid wages, attorney's fees, and in many cases liquidated damages. To the detriment of employees everywhere, however, the statute is often interpreted extremely narrowly by courts who misconstrue or overlook its rights-affirming language….[e]mployees must be paid what they are owed, no matter what. Doing so will help defend the rights of all employees, including low-income employees who are more likely to be subject to wage theft. New York cannot in good faith claim to be one of the most progressive states in the nation when it comes to labor rights if we fail to clarify that wage theft is, and has always been, completely prohibited within our boundaries.

**STATEMENT OF FACTS**

29. ALEXANDER was employed by Defendants as a helper and laborer from March 2023 to February 2026 and generally worked between 48 hours to over 55 hours a week, Monday to Saturday during the construction season, which ran from mid-March to December. He was paid entirely in cash for 6 days worked at what should have been $1,200.00 a week.

30. JORGE was employed by Defendants as a helper and laborer from December 2025 to July 2026 and generally worked between 48 hours to over 55 hours a week, Monday to Saturday during the construction season, which ran from mid-March to December. He was paid entirely in cash for 6 days worked at what should have been $1,200.00 a week.

31. JUAN was employed by Defendants as a helper and laborer from March 2023 to February 2026 and generally worked between 48 hours to over 55 hours a week, Monday to Saturday during the construction season, which ran from mid-March to December. He was paid entirely in cash for 6 days worked at what should have been $1,950.00 a week.

32. However, Plaintiffs pay was reduced for "taxes" – which Plaintiffs don't believe Defendants paid and kept.

33. Plaintiffs were not paid an overtime premium for all hours worked over 40 in a workweek.

34. Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

35. While Plaintiffs worked in excess of forty hours a week, Defendants willfully failed to pay him minimum wage and overtime compensation for the overtime hours worked.

36. When Defendants hired Plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

37. Defendants never paid Plaintiffs wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

38. During the term of Plaintiffs' employment, Defendants failed to maintain and preserve payroll or other records indicating the time and day, and day of week on which Plaintiffs' workweek began, the regular rate of pay for any workweek in which overtime pay was due; the hours worked each workday and total worked each week, the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime pay; the total premium pay for overtime hours; and/or the total additions to or deductions from wages paid each pay period.

39. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NYLL.

40. Defendants knew that nonpayment of overtime would economically injure Plaintiff and violated State laws.

41. Defendants required employees to work off-the-clock and failed to compensate employees properly for all hours worked.

42. Defendants committed the following acts against Plaintiff, knowingly, intentionally and willfully.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiff on Behalf of Themselves and the Class)**

43. Plaintiffs, on behalf of themselves, and the Class reallege and incorporate by reference all previous paragraphs.

44. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

45. At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and Class plaintiffs at one and one half times the

minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

46. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek

47. Plaintiffs, on behalf of themselves and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

51. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Wage Notice Requirements)**
**(N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

52. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants failed to furnish to Plaintiffs at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

54. The written notices serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only being paid what is owed, but also in being able to advocate for the receipt of proper pay.

55. Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs are entitled to recover from Defendants' liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**FOURTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

56. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants paid Plaintiffs wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

58. The wage statements serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only being paid what is owed, but also in being able to advocate for the receipt of proper pay.

59. Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**FIFTH CLAIM FOR RELIEF**
**(Civil Damages for Fraudulent Filing of Returns)**
**(26 U.S. Code § 7434)**

60. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. Defendants paid Plaintiffs, in cash, "off the books" without a check or paystub. Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

62. Defendants are required to report all wages paid to employees to the IRS, and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee. Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which list the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS. The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

63. Defendants are also required to file their quarterly taxes with NY State (NYS-45 or NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid. Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

64. The wages Defendants paid "off the book" in cash to Plaintiffs were not included in the wages identified in the IRS Tax Form W-2 that Defendants issued to Plaintiffs, and therefore, those wages were not reported in Defendants' income tax return filings for the subject year.

65. Defendants knew they made cash payments to Plaintiffs and further knew those payments should have been included on W-2's issued to Plaintiff and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns, and those W-2's and W-3's filed thereto, they knew to be false, as those returns contained false wages paid to Plaintiff.

66. Accordingly, Defendants have fraudulently and willfully filed income tax returns for those years that Plaintiffs were employed by them and are therefore liable to Plaintiffs thereof.

## SIXTH CLAIM FOR RELIEF

**(New York Lab. Law and No Wage Theft Loophole Act & Gap Pay Violations)**
**(New York Labor Law §§191, 193, 198 and 663 et seq. Brought by Plaintiffs on Behalf of Themselves and the Class)**

67. Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

68. At all relevant times, Plaintiffs are entitled to be paid for all time worked under N.Y.

Lab. Law §§191, 193, 198, and 663.

69. Plaintiffs and the Class performed compensable work that went uncompensated because of Defendants time shaving policy. As such, Defendants knowingly did not pay Plaintiffs for all hours worked, including those under and over 40 hours worked in a workweek.

70. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, an amount to be determined at trial, pre- and post-judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §§191, 193, 198 and 663.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a. Declaring that the practices complained of herein are unlawful under the N.Y. Lab. Law and FLSA;
b. Awarding Plaintiff an award of unpaid overtime under the FLSA and N.Y. Lab. Law;
c. Awarding Plaintiffs damages for all causes of action herein;
d. Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay overtime under the N.Y. Lab. Law and FLSA;
e. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;
f. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law
g. Civil Damages for Fraudulent Filing of Returns;
h. Awarding Plaintiffs damages for Defendants gap pay violations;
i. Awarding Plaintiffs pre-judgment interest;
j. Awarding Plaintiffs post-judgment interest;
k. Awarding Plaintiffs Attorneys' fees; and
l. Granting such other and further relief as this Court deems just and proper.

Dated: October 26, 2027

MONTEIRO & FISHMAN LLP

/s/ Marcus Monteiro, Esq.
91 N. Franklin St., Suite 108
Hempstead, NY 11550
(516) 280-4600
*Attorneys for Plaintiff*